## NEHEMIAH REDDEN *vs.* JAMES P. BARKER.

The relation of landlord and tenant must have existed to support the action of assumpsit for use and occcpation.

A person who enters into possession under a contract of purchase, cannot be held liable for rent; unless perhaps, when the contract of purchase is conditional, and there is an express promise to pay rent if the condition be not performed.

THIS was an action on the case for the use and occupation of a dwelling house in Georgetown. The defendant entered into possession under a contract of purchase which he failed to comply with; and the question was whether he could be held liable for rent whilst he occupied. There was some evidence offered of admissions by the defendant that he was liable for rent, or of his payment of taxes which he said he should deduct from the rent.

*Cullen,* for defendant.—Where one enters into the possession of land as a purchaser, he cannot be liable for rent in an action for use and occupation. There is no promise implied by the law arising from such a relation, to pay the rent. If Barker went into the possession under any contract or agreement express or implied with Redden to pay rent, he is liable in this action; but if he entered as a purchaser and owner, he is not liable for the rent though he never paid the purchase money. (2 *Selw. N. P.* 1085-79-80; 2 *Taunt. Rep.* 145; *Chit. Cont.* 370, *n.* 1, 371, *n.* 1, *a*; *Sugd. Vend.* 183; 13 *Johns. Rep.* 489; 3 *Com. L. R.* 411-12; 6 *Johns. Rep.* 46.; 3 *Stephen's N. P.* 2719.)

The action of use and occupation is founded on the idea of a contract for the payment of rent, and unless such a contract be proved, or such a relation of the parties exists, from which an agreement to pay rent may be implied, the action will not lie.

*Houston,* in reply, agreed that where the defendant enters under a contract of purchase, which fails, he is not liable for rent under any implied contract; and an express understanding in reference to the rent must be proved. But he contended that there was evidence here from which the jury could find that there was such an agreement.

BOOTH, *Chief Justice,* charged the jury.—The action is to recover a compensation for the use and occupation of a house and lot. It proceeds on the idea of a contract of renting, either express or implied. A contract for the payment of rent may be implied from circumstances. The relation of landlord and tenant must exist. If the defendant enter under an agreement to purchase, he is not liable for rent; for the character of purchaser excludes that of tenant; except perhaps, in a case similar to the present, where the defendant enters under a conditional contract for the purchase, and there is an express agreement to pay rent in case such purchase should not be carried out; the defendant might be liable on proof of such express agreement. If the jury think this is such a case, and the agreement is sufficiently proved, the plaintiff ought to have a verdict; otherwise, not.

Verdict for defendant.

*Houston* and *Wootten,* for plaintiff.
*Cullen,* for defendant.